**Arnie KING, Plaintiff, Appellee,**

v.

**Joseph HIGGINS et al., Defendants, Appellants.**

**No. 74-1049.**

United States Court of Appeals, First Circuit.

Argued April 3, 1974.

Decided April 24, 1974.

Dennis J. LaCroix, Deputy Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., and John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div. were on brief, for appellants.

Edward E. Berkin, Roxbury, Mass., with whom Geraldine S. Hines, Roxbury, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

█ This appeal challenges the district court decision ruling invalid the classification hearing provided appellee, an inmate of Massachusetts Correctional Institution at Concord, 370 F.Supp. 1023.[1] The decision below was a dual one, the first part of the decision dealing with the claim that insufficient procedures were afforded in a disciplinary hearing at which the appellee was found to have committed infractions warranting imposition of a fifteen day period of isolation. The procedures in that hearing were found inadequate as a matter of law. The appellants do not attack that ruling. The second prong of the decision dealt with the challenge to the action of the classification board at a hearing held one day after the invalid

---

1. The appellants also challenge the denial of summary judgment by the district court in a damage claim based on the same facts. As this matter has been referred to a magistrate and factual findings have not yet been made, it is not a final determination and is not appealable, 28 U.S.C. § 1291. This part of the appeal is dismissed.

disciplinary hearing. The board based reclassification, at least in part, on the disciplinary findings; the district court ruled that this procedure was also defective.

We are urged by appellee to affirm the decision below on broad constitutional grounds. We decline the invitation, noting that new regulations governing classification hearings are being developed. It is sufficient ground for relief in this case that the concededly invalid disciplinary hearing, held on the previous day, was to some uncertain extent taken into account in appellee's reclassification. We think that both fairness and common sense require a new classification hearing. ·

On this narrow basis the order of the district court is affirmed.